UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER RYAN,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　Defendant. | No. 2:18-cv-05973-BHS<br><br>STIPULATED MOTION FOR LEAVE TO FILE ADMINISTRATIVE RECORD UNDER SEAL AND ORDER<br><br>**NOTED FOR: 03/22/2019** |

**I. Relief Requested**

The parties respectfully move the Court, pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Civil Rule 5(g), to order that the "Administrative Record" in this matter be filed under seal.

**II. Relevant Facts and Legal Authority**

This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*. Plaintiff seeks a declaration of her right to disability benefits. The

"Administrative Record" is primarily medical records and other documents addressing Plaintiff's medical condition.

Although Local Civil Rule 5(g) establishes a "strong presumption in favor of public access to the Court's files" and although there is a "strong presumption of public access to documents attached to dispositive motions," this Court has held the "need to protect medical privacy qualifies in general as a 'compelling reason'" to allow records to be filed under seal. *Karpenski v. Am. Gen. Life Companies, LLC*, No. 2:12-CV-01569-RSM, 2013 WL 5588312 at *1 (W.D. Wash. Oct. 9, 2013), (quoting Local Civil Rule 5(g) and *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). *See also Macon v. United Parcel Serv., Inc.*, 2013 WL 951013, at *5 (W.D. Wash. Mar. 12, 2013) (granting unopposed motion to seal medical records given the "private nature of the documents at issue").

Local Civil Rule 5.2(c) states that "in an action for benefits under the Social Security Act" the "administrative record must be filed under seal" because those "actions are entitled to special treatment due to the prevalence of sensitive information and the volume of filings." *Id*. That reasoning applies here. The claim file is primarily medical records and other sensitive information regarding Plaintiff.

Redaction is not a reasonable means to protect Plaintiff's medical privacy, because the documents would have to be so heavily redacted.

### III. Conclusion

The parties stipulate that there are compelling reasons to file the administrative record under seal, and respectfully move the Court to so order. Should the Court grant the Motion the parties will not redact personal identifiers from the Record in accordance with Local Civil Rule 5.2(a) unless the Court orders otherwise.

IT IS SO STIPULATED THIS 22nd day of March 2019.

LAW OFFICE OF MEL CRAWFORD

By *s/Mel Crawford*
 Mel Crawford, WSBA # 22930
 melcrawford@melcrawfordlaw.com
Attorney for Plaintiff

LANE POWELL PC

By *s/David Howenstine*
 David Howenstine, WSBA # 41216
 D. Michael Reilly, WSBA # 14674
 howenstined@lanepowell.com
Attorneys for Defendants

SEYFARTH SHAW LLP

By: *s/Ian Morrison*
 Ian H. Morrison (admitted PHV)
 imorrison@seyfarth.com
 Christopher Busey (admitted PHV)
 cbusey@seyfarth.com
 Attorneys for Defendant

# ORDER

IT IS SO ORDERED. The Court GRANTS the parties' stipulated motion and ORDERS that the administrative record in this action be filed and maintained under seal. Because the document will be filed under seal, it need not be redacted in accordance with Local Civil Rule 5.2(a).

DATED this 25th day of March, 2019.

_____
BENJAMIN H. SETTLE
United States District Judge